UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EFRAIN ERAZO, JR., ) | |
|  Petitioner ) | |
| ) | |
|     v.    ) | 08-CR-30038-MAP |
| ) | 09-CV-30158-MAP |
| UNITED STATES OF AMERICA, ) | |
|  Respondent ) | |

MEMORANDUM AND ORDER REGARDING
PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Docket Nos. 8 & 2)

December 18, 2009

PONSOR, D.J.

Petitioner has filed this action asking the court to vacate his 12-month sentence for violation of his conditions of supervised release. His argument is anchored upon a claim that his attorney was ineffective.

In order to sustain a claim for ineffective assistance of counsel, Petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990), citing Strickland v. Washington, 466 U.S. 668 (1984).

A review of the transcript of Petitioner's revocation hearing reveals no evidence of any failure on the part of

counsel to conduct Petitioner's defense professionally. Petitioner conceded the violation of supervised release. Counsel argued for a sentence of only six months or, alternatively, asked that the court impose the sentence concurrent with an existing state court sentence. This court considered counsel's arguments and rejected them, imposing a twelve-month on-and-after sentence. Nothing in the record suggests any failure to meet an objective standard of competence.

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DENIED, and the petition is hereby ordered DISMISSED. The clerk will enter judgment for Respondent. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge